IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

BRIAN D. PERCY,

    Petitioner,

v().                                           CIVIL ACTION NO. 3:06-CV-61
                                             (BAILEY)

JOE DRIVER, Warden,

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

### Introduction

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert. By Standing Order entered on March 24, 2000, this action was referred to Magistrate Judge Seibert for submission of proposed report and a recommendation ["R & R"]. Magistrate Judge Seibert filed his R & R on November 9, 2006 [Doc. 16]. In that filing, the magistrate judge recommended that this Court deny the petitioner's 28 U.S.C. § 2241 petition for Habeas Corpus and to dismiss it with prejudice.

The petitioner in the above-styled matter filed his objections to the magistrate's R & R on January 1, 2007 [Doc. 20]. Pursuant to 28 U.S.C. § 636 (b) (1) (c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Accordingly, this Court will conduct a *de novo* review only as to the portions of the report and recommendation to which the petitioner

objected. The remaining portions of the report and recommendation to which the petitioner did not object will be reviewed for clear error.

## Factual and Procedural Background

On June 22, 2006, the *pro se* petitioner filed a petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [Doc. 1]. The petitioner is an inmate at the Hazelton Penitentiary challenging the validity of a sentence imposed in the United States District Court for the Northern District of Ohio. The petitioner is attacking the validity of his sentence via a § 2241 petition, arguing that his prison sentence is void because his Fifth and Sixth Amendment rights were violated. He further claims that supervised release constitutes double jeopardy when coupled with imprisonment, and that his sentence is void based on the holding in **United States v. Booker**, 543 U.S. 2020, 233 (2005). Finally, he complains that supervised release is not a possible penalty for his criminal conviction.

## Analysis

In his petition, the petitioner attacks the validity of his sentence rather than the means of execution and seeks release from his sentence. According to the petition, the he did not apply for relief under 28 U.S.C. § 2255 in the sentencing court. Thus, it is clear that the petitioner is now pursuing relief in this court under § 2241 because filing a motion under § 2255 in the sentencing court would be barred as untimely. *See* 28 U.S.C. § 2255. However, under these circumstances, the petitioner is expressly precluded by § 2255 from pursuing any relief under § 2241. Section 2255 states that an application such as the petitioner's "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court denied him relief . . ."

Here, the petitioner seeks to avoid the preclusive effect of that prohibition by invoking the "savings clause" in § 2255, which permits relief to be sought under § 2241 if it "appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the applicant's] detention." The law is clearly developed, however, that merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy is inadequate or ineffective. *In re Vial*, 115 F. 3d 1192, 1194 (4th Cir. 1997). The Fourth Circuit has examined the prerequisites for finding that § 2255 is an inadequate or ineffective remedy. In the case of *In re Jones*, 226 F.3d 328 (4th Cir. 2000), the Fourth Circuit concluded that "§2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law." *Id.* at 333-34.

There is nothing in the petitioner's § 2241 Habeas Corpus petition which demonstrates that he meets the *Jones* requirements. Consequently, the petitioner has not demonstrated that § 2255 is an inadequate or ineffective remedy, and he has improperly filed a § 2241 petition.

Additionally, the petitioner's *Booker* and double jeopardy arguments are without merit. First, the petitioner claims that any sentence associated with the United States Sentencing Guidelines is per se void pursuant to *United States v. Booker*, 543 U.S. 220

(2005). However, under Fourth Circuit law, **Booker** is not applied retroactively to cases on collateral review and does not void the petitioner's sentence in this case. See **United States v. Morris**, 429 F.3d 65, 71 (4th Cir. 2005).

Finally, the petitioner claims supervised release in addition to a prison sentence is impermissible double jeopardy. The Double Jeopardy Clause, which ensures "total punishment [does] not exceed that authorized by the legislature," **United States v. Bowe**, 309 F.3d 234, 238 (4th Cir. 2002), is simply inapplicable to the petitioner's sentence that includes a period of supervised release authorized by statute. 18 U.S.C. § 3583.

### Conclusion

Based on the foregoing, it is the opinion of this Court that the **Magistrate Judge's Report and Recommendation** [Doc. 16] should be, and is, hereby **ORDERED ADOPTED**. Accordingly, the Court hereby **DENIES** the petitioner's application under 28 U.S.C. § 2241 [Doc. 1] and **DISMISSES WITH PREJUDICE** this matter from the Court's docket.

The Clerk is directed to mail a certified copy of this Order to all counsel of record, the petitioner, *pro se*, and Magistrate Judge Seibert.

**DATED:** May 29, 2007.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE